UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHAWN E. BOOGHIER,

    Plaintiff,                              Case No. 3:22-cv-145

vs.

F.C. SKINNER PAINTING SERVICE,          District Judge Michael J. Newman
INC., D/B/A SKINNER PAINTING AND    Magistrate Judge Peter B. Silvain, Jr.
RESTORATION,

    Defendant.

---

**ORDER: (1) APPROVING THE SETTLEMENT AGREEMENT (Doc. Nos. 11, 11-1); AND (2) CONDITIONALLY DISMISSING THIS CASE**

---

This civil case is before the Court following the parties' successful settlement after mediation before United States Magistrate Judge Sharon L. Ovington, to whom this case was referred to solely for mediation. *See* Doc. Nos. 9, 10, 11, 11-1. Because this is a case where Plaintiff alleges violations of the Fair Labor Standards Act[1] ("FLSA"), the parties have filed a joint settlement agreement for court approval. Doc. Nos. 11, 11-1; *see Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (noting that FLSA settlement agreements require court approval).

For approval to occur, the Court must find: (1) that there was a bona fide dispute between the parties under the FLSA, *see Burcham v. Taubra Corp.*, No. 3:17-cv-168, 2018 WL 3840827, at *1 (S.D. Ohio Aug. 13, 2018); (2) the agreement terms are "fair, reasonable, and adequate," *Int'l*

---

[1] Plaintiff's complaint alleges: (1) failure to pay overtime wages under the FLSA, 29 U.S.C. § 207; (2) failure to pay overtime wages under the Ohio Wage Act, Ohio Rev. Code § 4111.03(A); and (3) failure to promptly pay wages under the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15(A). Doc. No. 1 at PageID 6–11. The Court has supplemental jurisdiction over the latter two state-law claims, considering they relate to the FLSA claim, which provides federal question jurisdiction. *See, e.g.*, 28 U.S.C. §§ 1331, 1367.

*Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007); and (3) the amount of attorney's fees awarded are reasonable, *see Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Upon reviewing the terms of the agreement, the Court finds: (1) there was a "bona fide dispute" over whether Plaintiff was paid wages for his regular and overtime work; (2) the terms are fair, reasonable, and adequate considering the time that would be spent litigating this case combined with the uncertainty of success for either party; and (3) this agreement promotes the public interest in settling bona fide claims. *See, e.g.*, *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010). Finally, the amount of attorney's fees allocated—one-third of the total amount (*i.e.*, $7,500 of $22,500)—is reasonable because this is typically approved in comparable cases, *see Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019), and it furthers society's interest in rewarding attorneys who achieve a benefit for workers who "would not have known what they were owed and, even if they did, would not have found it practicable or in their best interest to vindicate their rights[,]" *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *7 (S.D. Ohio Sept. 9, 2016) (citing *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012)).

Accordingly, the Court, after finding that the terms of the settlement are fair to both parties, **APPROVES** the settlement agreement. Doc. Nos. 11, 11-1. This Court **ORDERS** that this action is hereby **DISMISSED**, provided that either party may, upon good cause shown within 45 days, reopen the action if settlement is not consummated.

**IT IS SO ORDERED.**

Date:   September 30, 2022          s/Michael J. Newman
                                    Hon. Michael J. Newman
                                    United States District Judge